▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST JONES, Appellant. [830 NYS2d 524]—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered on or about October 26, 2005, unanimously affirmed. No opinion. Order filed. Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.

▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANNETTE TORRES, Appellant. [830 NYS2d 524]—Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered on or about October 27, 2005, unanimously affirmed. No opinion. Order filed. Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.

▮ DENIHAN OWNERSHIP COMPANY, LLC, Appellant, v COMMERCE AND INDUSTRY INSURANCE COMPANY, Respondent. [830 NYS2d 128]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered October 3, 2005, which granted defendant's motion for partial summary judgment dismissing the first cause of action, and denied plaintiff's cross motion for partial summary judgment on that cause of action, unanimously affirmed, with costs.

Plaintiff is the former owner of several parcels of low-rise commercial property housing such businesses as a parking garage, an automobile repair shop and a dry cleaner. Aware that before these properties could be sold to a developer, a cleanup of soil contamination, underground tanks and asbestos would have to be undertaken, plaintiff retained AKRF, an environmental consulting firm, to perform assessments in order to identify potential hazards. AKRF conducted environmental studies, prepared reports reflecting its findings, and provided plaintiff with cost estimates for the remediation. After deciding to proceed with sale of the properties, plaintiff retained AKRF to carry out the necessary remediation. To protect itself during the remediation process, plaintiff purchased cleanup cost cap insurance coverage (CCC) from defendant insurer.

It is undisputed that defendant has paid out the maximum sum to plaintiff in connection with the necessary remediation work. Plaintiff maintains, however, that it is entitled to further

compensation under a supplemental pollution legal liability select (PLLS) policy it had also purchased from defendant. Specifically, AKRF completed its remediation work in May 2001, but in January 2002 the general contractor retained by the purchaser of the property discovered previously unknown and unidentified contamination, plus several underground storage tanks that had also been overlooked by AKRF. Plaintiff disputes defendant's reliance on a contractual exclusion in the PLLS policy with regard to remediation for this additional pollution. Under this exclusion, "no coverage will be provided for Cleanup Costs, Claims or Loss arising from the Pollution Conditions associated with" the documents prepared by AKRF. The IAS court accepted defendant's argument that under this exclusion, it was not contractually obligated to pay plaintiff for the extra cleanup costs.

We agree. While it is true that "[e]xclusions must be specific and cannot be extended by mere interpretation or implication" (*Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 339 [2000]), plaintiff has not offered a reasonable interpretation of the exclusion in question so as to create an ambiguity. Words like "arising from," when used in exclusion clauses, are generally taken as a broad and comprehensive reference to events originating from, incident to, or having connection with the subject of the exclusion—in this instance, the pollution conditions referred to in the documents produced by AKRF (*see United States Fire Ins. Co. v New York Mar. & Gen. Ins. Co.*, 268 AD2d 19, 21-22 [2000]; *Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.*, 91 AD2d 317, 320-321 [1983]). Here, the exclusion was clearly intended to ensure no overlap between the underlying CCC policy, which provided coverage for petroleum contamination on the site, and any new and different pollution conditions covered by the PLLS policy. Certainly, nothing in the exclusion renders coverage under the PLLS policy dependent on any lack of knowledge of a pollution condition on the part of AKRF. Rather, the clause precludes coverage for any cleanup costs or claims that arise out of or are related to the pollution conditions discussed in the documents drawn up by AKRF. The discovery by the purchaser's contractor of additional contamination and underground storage tanks was certainly connected with the prior known condition. AKRF's documents even contemplated such future discovery. Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.